### 61953. ATTWELL v. SEARS, ROEBUCK & COMPANY.

SHULMAN, Presiding Judge.

Appellee brought suit against appellant in the State Court of Fulton County, alleging that appellant was indebted to it on an account. Appellant filed a special appearance in state court, contending that he had not been properly served. After a hearing, the state court denied appellant's motion to dismiss. Appellant, maintaining that the Superior Court of Fulton County had appellate jurisdiction over rulings of the State Court of Fulton County, appealed the adverse ruling to the superior court. He also asked that court to exercise its supervisory powers over the state court by issuing a writ of certiorari. See Code Ann. § 24-2615 (3) and (4). Appellant now contends that the superior court erred when it granted appellee's motion to dismiss the appeal and denied appellant's motion for the court to exercise its supervisory powers. We affirm.

In its order, the superior court noted, among other things, that the state court's denial of appellant's motion to dismiss was not a final order, decree, or judgment from which an appeal could be taken. The court also noted that appellant had not obtained a certificate for immediate review of the interlocutory order.

1. Assuming, arguendo, that the superior court has direct appellate jurisdiction over rulings of the state court, the superior court did not err when it dismissed the appeal filed by appellant. Under Code Ann. § 24-2107a, appeals from the state courts are governed by the rules of appellate practice and procedure applicable to cases appealed from the superior courts. In order for an appeal to

be taken from a judgment of a superior court, there must be a final judgment or a certificate for immediate review. Code Ann. § 6-701 (a) (1,2). It follows that the requirement of finality of judgment is also applicable to state courts. Since there was no final judgment rendered in the case which appellant attempted to appeal to the superior court and no certificate for immediate review had issued, the superior court did not err when it granted appellee's motion to dismiss the appeal.

2. The superior court's refusal to issue a writ of certiorari was also correct. "The writ of certiorari does not lie to correct a judgment of an inferior judicatory until after a final determination of the cause . . . Where [the record shows] that the alleged error sought to be reviewed by writ of certiorari to the Superior Court of Fulton County was the action of the Judge of the Civil Court of Fulton County in overruling the defendant's demurrer to the amended petition in a case then pending in the said civil court, the judge of the superior court did not err in refusing to sanction the petition for a writ of certiorari." *General Elec. Serv. Corp. v. Holloway Lumber Co.,* 88 Ga. App. 819 (78 SE2d 85). See also Code Ann. § 19-209. Since there had been no final judgment rendered by the state court, the superior court was correct in refusing to exercise its supervisory powers through a writ of certiorari. Furthermore, we note that the statutory procedure for application for a writ of certiorari was not properly followed. Code Ann. § 19-203.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 11, 1981 —
REHEARING DENIED OCTOBER 6, 1981

Joseph J. Attwell, *pro se.*
H. *Gilman Hudnall,* for appellee.